# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TEDDY L. FARRIS,**

        **Plaintiff,**

  **v.**                                                      **Case No. 04-C-736**

**THE PURDUE PHARMA COMPANY** *et al.*,

        **Defendants.**

## DECISION AND ORDER

The present action, like others pending in various courts across the country, involves a claim for personal injury allegedly caused by the prescription narcotic painkiller OxyContin. On July 7, 2005, the Plaintiff moved this Court to stay the instant proceedings pending the resolution of a Petition for Transfer, Coordination and Consolidation Pursuant to 28 U.S.C. § 1407, which was filed with the Judicial Panel on Multi-District Litigation. That Petition identified the instant case as one of the actions for which consolidation was sought.

In his motion before this Court, the Plaintiff explained that he sought a stay "to avoid potentially repetitive motion practice on issues that are likely to recur in many of the [pending OxyContin] cases . . . ." (Pl.'s Mot. to Stay Proceedings ¶ 6.) The Plaintiff asked the Court to "stay these proceedings until the JPML [Judicial Panel on Multi-District

Litigation] has determined whether there will be an OxyContin MDL [Multi-District Litigation] and, if so, which court will be the transferee court." (*Id*. ¶ 7.) Two briefs were filed by the Defendants to this action opposing the motion to stay.

On October 24, 2005, this Court received an "Order Denying Transfer," dated October 18, 2005, issued by the JPML. In that Order, the JPML explained that "Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation." *In re OxyContin Prods. Liability Litig. (No. II)*, No. 1716 (J.P.M.L. Oct. 18, 2005). The JPML further explained that

> Movants have failed to demonstrate that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket where i) pretrial proceedings are already advanced in certain of the constituent actions, and ii) plaintiffs in all actions subject to the transfer motion are represented by common counsel.

(*Id*.) A schedule of cases seeking centralization was appended as "Schedule A" to the order. The action pending before this Court appears on that list.

Insofar as the petition for centralization has been denied by the JPML, the Plaintiff's ground for seeking a stay of the proceedings before this Court has been rendered moot.

2

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Plaintiff's Motion to Stay Proceedings (Docket No. 113) is **DENIED**.

Dated at Milwaukee, Wisconsin this 1st day of November, 2005.

          **BY THE COURT**

          s/ Rudolph T. Randa
          **Hon. Rudolph T. Randa**
          **Chief Judge**